**Derick SMITH, Plaintiff–Appellant,**

v.

**Penny L. BURNSIDE, Kim Dickey, Angela Fryer, Defendants–Appellees.**

**No. 08–10478**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

May 29, 2008.

Derick Smith, Orlando, FL, pro se.

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

This is Derick Smith's *pro se* appeal of the district court's order striking his re-filed complaint in this 42 U.S.C. § 1983 civil rights action. After the district court dismissed his initial complaint without prejudice, a decision that Smith did not appeal within the time set forth by Federal Rule of Appellate Procedure 4(a)(1)(B), Smith re-filed a complaint in the same case. The district court struck the re-filed complaint and noted that if Smith wished to pursue his claims he should file a complaint in the proper venue, the Northern District of Florida. Smith contends that the district court abused its discretion by striking his re-filed complaint.[1]

Whether construed as a denial of leave to file an amended complaint, or as the denial of a Rule 60(b) motion, we review the district court's decision to strike Smith's re-filed complaint only for an abuse of discretion. See *Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1040 (11th Cir.2006); *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir.2001).

The district court did not abuse its discretion by striking the re-filed complaint. It was not the proper vehicle for attacking a final judgment which was entered almost four months earlier. Moreover, even if the district court had construed Smith's filing as a Rule 60(b) motion, that motion would have been due to be denied as Smith's claim was still barred. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

**AFFIRMED.**

---

1. We cannot consider the arguments Smith raises regarding venue because he did not file a timely appeal from the district court's dismissal of his initial complaint. Fed. R.App. P. 4(a)(1)(B); *see also Rinaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir.2001).